RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 30 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARK HANNA,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:08-CV-01230 |
| VERSUS | |
| DELMER MAXWELL, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Mark Hanna ("Hanna") on August 19, 2008, and amended on April 16, 2009 (Doc. 13) and April 23, 2009 (Doc. 19). The named defendants are Delmer Maxwell, Jane Womack, Tim Wilkinson, Todd Thomas, Mona Heyse, and Lionel Telsee, all employed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana.

This case was previously dismissed by this court (Doc. 39), but the Fifth Circuit Court of Appeals remanded the case, finding the district court erred in finding Hanna had not stated a retaliation claim and thus dismissing Hanna's claim of retaliation for his refusal of medical treatment (Doc. 56). Hanna v. Maxwell, 415 Fed.Appx. 533 (5th Cir. 2011).

In his complaint, Hanna claimed the defendants violated his

constitutional rights by wrongfully convicting him for defiance after he refused an invasive medical procedure and threatened to sue prison officials in January 2003. The Fifth Circuit found the erroneous, retaliatory disciplinary conviction resulted in the loss of 180 days of "good time" credit. For relief, Hanna asks for monetary damages, costs, attorney fees, and a jury trial.

## Pertinent Facts

Hanna's litigation history over this particular set of facts and claim spans nearly ten years.

In December 2002, Hanna filed a suit in this court that was later amended to include a complaint that he had been falsely charged and convicted of defiance for refusing an enema and refusing to have his handcuffs removed while at the E.A. Conway Hospital in January 2003. Hanna claimed in the 2002 suit that the disciplinary action was done in retaliation for his having filed the 2002 lawsuit a month earlier and because he had filed a prior, successful appeal of another disciplinary conviction which resulted in it being overturned. Hanna v. Corrections Corporation of America, 1:02-cv-02653 (W.D.La. 2003), rev'd in other part, 95 Fed.Appx., 531 (5th Cir. 2004). Eventually, Hanna voluntarily dismissed that suit in 2004.

Hanna also filed two lawsuits in state court (in the Louisiana Nineteenth Judicial District Court) in July 2003, alleging the same claim for review of the prison disciplinary action which resulted

in the loss of 180 days of good time credit while he was in the custody of the Louisiana Department of Safety and Corrections. See Hanna v. Louisiana Dept. of Public Safety and Corr., 2006-0444 (La. App. 1st Cir. 2/14/07), 2007 WL 466750, and Hanna v. Louisiana Dept. of Public Safety and Corr., 2007-0170 (La. App. 1st Cir. 11/2/07), 2007 WL 3228128, 966 So.2d 1248. In the first listed case, the Court of Appeal dismissed the appeal without prejudice because Hanna had been released from custody on parole. Pursuant to that dismissal, Hanna had thirty days to refile his petition if his parole was revoked in the future. While that appeal was pending, Hanna notified the court the he had been convicted of a felony while on active parole, in March 2006, and was thus subject to revocation of his parole. In the second listed case, in which Hanna alleged his constitutional rights had been violated in the disciplinary appeals process, the Louisiana 1st Circuit Court of Appeal affirmed the district court's dismissal of the suit for improper venue.

Meanwhile, Hanna's parole was revoked on March 15, 2006 and he timely re-filed his appeal in the Louisiana Nineteenth Judicial District Court, in accordance with the state court's instructions (Doc. 26, pp. 6-11). On review by the Disciplinary Appeal Board on August 28, 2007 (Doc. 26, p. 12), Secretary Stalder of the Louisiana Department of Public Safety and Corrections determined there was insufficient evidence to support the finding that Hanna

was guilty of a disciplinary violation, reversed Hanna's disciplinary conviction, and expunged Hanna's record. Secretary Stalder issued a second, clarifying decision on September 20, 2007, in which he noted that Hanna's sentence was not made longer by the loss of 90 days good time[1] prior to parole, since he was given credit for that 90 days (as time already served) after his parole was revoked (See Doc. 26, pp. 188/189-189/189).

Hanna then filed the above-captioned suit on August 19, 2008, alleging several claims including his claim that defendants retaliated against him by filing the false disciplinary charges in 2003 when he refused the enema. As previously noted, all claims except the retaliation claim have been dismissed.

## Law and Analysis

The sole remaining claim now before this court is Hanna's claim that defendants retaliated against him by wrongfully charging and convicting him of defiance after he refused an invasive medical procedure (an enema).

Hanna initially raised the same retaliation claim in 2002, in Hanna v. Corrections Corp. of America, et al., 1:02cv2653 (W.D.La.), but it was eventually dismissed without prejudice on

---

[1] Although 90 days was added to Hanna's sentence prior to parole, when 90 days of good time was revoked, 90 days was taken off his sentence as time served (before parole) after his parole was revoked, so Hanna did not actually lose 90 days and is not serving a longer sentence on that conviction (Doc. 26, p. 189). The Disciplinary Appeal Board also noted that good credit item is no longer available to Hanna due to his second felony conviction.

motion of Hanna in August 2004. Hanna raised it again in 2007 in this lawsuit, attaching it to his claim for loss of good time credits.

Hanna's retaliation claim is untimely.[2] Although the state court granted Hanna additional time to raise his good time credit claim in the event his parole was revoked, he was not likewise granted additional time to raise his claim of retaliation. State law supplies the applicable limitations period and tolling provisions in federal actions. Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999), and cases cited therein. Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986) or, under the doctrine of contra non valentum,[3] from the time the plaintiff knew or could reasonably have known he had a

---

[2] Although the Fifth Circuit found that Hanna stated a claim of retaliation for asserting his Fourteenth Amendment due process right to refuse medical treatment, it did not consider the statute of limitations because that issue was not before it on appeal. Hanna, 415 Fed. Appx. at *2.

[3] The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred. McGregor, 3 F.3d at 866.

cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979). A district court may raise the limitation period sua sponte. Harris, 198 F.3d at 156.

Hanna was allowed to reurge his claim for restoration of good time credits in 2008, after his parole was revoked, due to the fact that he had to be serving time to raise it, 28 U.S.C. §2241(c), since it challenges the length of his sentence and thus is necessarily a habeas corpus claim.[4] However, under the facts presented by Hanna in his complaint, any Section 1983 claim Hanna may have had for retaliation culminated on January 29, 2003 (when he was sanctioned, Doc. 26, p. 189/189) and the statute of limitation expired on January 30, 2004 (regardless of whether he was incarcerated). Hanna's initial claim for retaliation was timely brought the first time when he amended his original 2002 complaint on February 21, 2003 to include that claim, but that action was dismissed on Hanna's motion on August 16, 2004. When Hanna re-urged the retaliation claim in 2008, he was clearly beyond the one year limitations period.

Therefore, Hanna's retaliation claim should be dismissed as untimely.

---

[4] Heck v. Humphrey, 512 U.S. 477, 481-482, 114 S.Ct. 2364, 2369-2370 (1994), citing Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 2974 (1974), and Preiser v. Rodriquez, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836 (1973).

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Hanna's action bee DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 30th day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE